The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: January 17 2017

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 16-31183 |
| Bradley Gumpher and Ashley Gumpher, | Chapter 7 |
| Debtors. | Adv. Pro. No. 16-03036 (Consolidated) |
| | Judge John P. Gustafson |
| Bradley Gumpher and Ashley Gumpher, Plaintiffs, | 16-3034 (Consolidated) 16-3035 (Consolidated) |
| v. | |
| ECMC et al., | |
| Defendants. | |

### MEMORANDUM AND ORDER GRANTING ECMC'S MOTION TO DISMISS

This case came before the court on December 14, 2016, for a hearing on the "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6)" ("Motion") [Doc. # 39] filed by Defendant Educational Credit Management Corporation ("ECMC"). Plaintiffs Bradley Gumpher and Ashley Gumpher are the debtors in the underlying Chapter 7 bankruptcy case. In their Complaint, Plaintiffs seek an order pursuant to 11 U.S.C. Section 523(a)(2)(A) and/or (C) determining that the debt

currently owed to "Michigan Guaranty Agency/Navient/Dept. Of Education/Navient" is dischargeable. [Doc. # 1, p. 2]. ECMC previously had its motion granted which allowed it to substitute in as a defendant for the Michigan Guaranty Agency. [Doc. ## 21, 22]. At the Hearing on the Motion, Attorney for Plaintiffs, Attorney for Defendant Navient and Attorneys for Defendant ECMC all appeared at the hearing by telephone. For the reasons that follow, the court will grant Defendant ECMC's Motion.

## BACKGROUND

Plaintiffs filed for relief under Chapter 7 of the Bankruptcy Code on April 13, 2016 [Case No. 16-31183, Doc. # 1], and they commenced this adversary proceeding on May 19, 2016. [Doc. # 1].

In their Complaint, Plaintiffs allege that they owe "Michigan Higher Education/MHEAA approximately $129,758.85 and $85,746.02 for outstanding loans." [*Id.*, ¶ 3]. The loan amounts were incurred while Plaintiffs attended culinary school, Le Cordon Bleu, in California. Plaintiffs argue that the amounts owed "should be found dischargeable due to the misrepresentation from the school of the ability of the Plaintiffs to find gainful employment after graduation." [*Id.*, ¶¶ 4-5].

Plaintiffs believe that the culinary school "used inflated job statistics to mislead the Plaintiff(s) into thinking they would secure jobs after graduation" and because of their "higher than normal student loan obligations", Plaintiffs state that the amounts owed to Defendant "will create an undue hardship on their financial condition . . . ." [*Id.*, ¶¶ 6-8].

Defendant ECMC was assigned three public student loans of Plaintiff Ashley N. Gumpher, totaling "approximately $43,244.32 in the aggregate." ECMC alleges that only one of the three loans relates to Ms. Gumpher's studies at culinary school. ECMC was assigned eight public student loans of Bradley L. Gumpher, totaling "approximately $55,484.82 in the aggregate." ECMC alleges that only one of the eight loans relates to Mr. Gumpher's studies at culinary school. [Doc. # 39, p. 2].

Although Plaintiffs' Complaint references "the misrepresentation" made by Le Cordon Bleu, ECMC states that Plaintiffs "do not set forth *any* facts alleging specific representations made by Cordon Bleu or ECMC to the Plaintiffs." [*Id.*]. ECMC alleges that the loans in this adversary proceeding "were only recently assigned to ECMC" and that it had "no direct contact with, or relationship to, the Plaintiffs" when the debt at issue in this proceeding was incurred. [*Id.*, p. 2-3].

ECMC argues that Plaintiffs cannot maintain a claim of misrepresentation made by their

culinary school as a basis for the discharge of the loans currently held by ECMC. Because Plaintiffs do not allege any wrongdoing on the part of Defendant ECMC or any connection between Le Cordon Bleu's misrepresentation and ECMC, ECMC argues that they should be dismissed as a defendant in this case.

For the reasons that follow, ECMC's Motion to Dismiss will be granted.

## LAW AND ANALYSIS

### A. Rule 12(b)(6) Standard

Defendant moves to dismiss this case under Rule 12(b)(6), which applies in this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012, for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding a Rule 12(b)(6) motion to dismiss, "the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint 'contains enough facts to state a claim to relief that is plausible on its face.'" *United States v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008) (*quoting, Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

While Rule 8(a)(2) does not require a complaint to set out detailed factual allegations, a "[p]laintiff's obligation to provide the 'grounds' for their claimed entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (*quoting, Twombly*, 550 U.S. at 555). Rather, "to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

The United States Supreme Court explained the "plausibility" standard first set forth in *Twombly*:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"
> . . . .

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

Under the pleading standards conveyed in *Iqbal* and *Twombly*, a complaint must allege more than a mere "formulaic recitation" of the elements of a claim to withstand a Rule 12(b)(6) challenge. *NM EU Corp. v. Deloitte & Touche LLP (In re NM Holdings Co.)*, 622 F.3d 613, 623 (6th Cir. 2010) (*citing, Iqbal*, 129 S.Ct. at 1949); *see also*, *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). "[A] legal conclusion couched as a factual allegation" does not need to be accepted as true. *Rondigo, L.L.C v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (*citing, Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

Additionally, when alleging fraud or mistake, a plaintiff is held to a heightened pleading standard, requiring the plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Notably, Rule 9(B) requires only that the circumstances of the alleged fraud be stated with particularity. . . ." *United States v. Ctr. for Empl. Training,* 2016 WL 4210052, at *4, 2016 U.S. Dist. LEXIS 105158, at *9 (E.D. Cal. Aug. 9, 2016)(*citing, Mendiondo v. Centinela Hosp. Medical Ctr.,* 521 F.3d 1097, 1100 (9th Cir. 2008).

**B. Discussion**

Plaintiffs' Complaint sets forth a series of facts and allegations they believe are grounds for a finding that their student loan debt in question is dischargeable. The Complaint's sole claim is brought pursuant to 11 U.S.C. Section 523(a)(2)(A) and/or (C). Accepting the well pleaded factual allegations in the Complaint as true, the court finds that Plaintiff has not alleged sufficient facts to state a plausible claim against Defendant under 11 U.S.C. Section 523(a)(2)(A) and/or (C), or any other legal theory.

Section 523(a)(2)(A) provides that "any debt ... obtained by ... false pretenses, a false representation, or actual fraud" is non-dischargeable. *See,* 11 U.S.C. § 523(a)(2)(A). Bringing an action under this section of the Bankruptcy Code appears to provide no legal basis for the relief Plaintiffs seek. This court cannot find a debt owed by Le Cordon Bleu (if any such debt is owed) to be non-dischargeable, as Le Cordon Bleu is not a debtor with a bankruptcy case assigned to this

bankruptcy judge. It is difficult to see the connection between an allegation that a non-debtor has a debt that should be held non-dischargeable under § 523(a)(2) and the dischargeability of Plaintiffs' student loans, which are typically non-dischargeable under § 523(a)(8).

However, Plaintiffs' failure to cite the proper statute upon which a specific claim may be based is not grounds for dismissal of that claim. "[T]he form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim." *Gean v. Hattaway*, 330 F.3d 758, 765 (6th Cir. 2003); *see also*, *Quinn-Hunt v. Bennett Enters*., 122 Fed. Appx. 205, 207 (6th Cir. 2005)("The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters."). Thus, where Plaintiffs have failed to cite the relevant statute or an incorrect statute is cited, the court must only review Plaintiffs' allegations to determine whether they allege sufficient facts to state a claim for relief under some viable legal theory. *Palazzola v. City of Toledo (In re Palazzola)*, 2011 WL 3667624, at *8, 2011 Bankr. LEXIS 3225, at *10-11 (Bankr. N.D. Ohio Aug. 22, 2011).

The allegations in the Complaint that support Plaintiffs' claim is based on an alleged "misrepresentation" [Doc. # 1, ¶¶ 5-7], made by the culinary school they attended, Le Cordon Bleu. The allegations in the Complaint are as follows:

> 5.) Plaintiff(s) state that the amount owed to the Defendant(s) should be found dischargeable due to the misrepresentation from the school of the ability of the Plaintiffs to find gainful employment after graduation.
> 6.) Plaintiff(s) state that Le Cordon Bleu, used inflated job statistics to mislead the Plaintiff(s) into thinking they would secure jobs after graduation.
> 7.) Plaintiff(s) incurred higher than normal student loan obligations based upon the assertions of Le Cordon Bleu.

Accordingly, Plaintiffs Complaint makes a general allegation that Le Cordon Bleu used inflated job statistics to misrepresent to the Plaintiffs their ability to obtain gainful employment after graduation. [*Id.,* ¶¶ 5-6]. But a viable Complaint requires more than a "legal conclusion couched as a factual allegation," as discussed by the *Rondigo* court, citing the *Twombly* decision. Particularly where there is a heightened pleading standard, such as when Plaintiffs are pleading an action essentially sounding in fraud, pleading legal conclusions as factual allegations does not comply with Civil Rule 9(b).

Because "misrepresentation" is a claim sounding in fraud, Plaintiffs must "(1) specify the

statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Heinrich v. Waiting Angels Adoption Services, Inc.*, 668 F.3d 393, 404 (6th Cir. 2012). The pleadings regarding the alleged misrepresentations of Le Cordon Bleu do not meeting this standard. Specifically, there is a complete absence of "where and when" information in the Complaint.

Thus, to the extent that Plaintiffs have any claim based on "misrepresentation" against Le Cordon Bleu, they have failed to plead that claim with the specificity required by Federal Rule of Civil Procedure 9(b), made applicable in bankruptcy adversary cases by Federal Rule of Bankruptcy Procedure 7009. However, as previously noted, Le Cordon Bleu is not a defendant in this action. Instead, Plaintiffs have chosen to sue ECMC, the assignee of eleven of Plaintiffs' loans.

The Complaint also fails to assert any legal theory as to why some of ECMC's education loan claims should be held to be dischargeable. It is theoretically possible that the dischargeability of ECMC's claim could be based on a theory that does not require a finding of fraud or misrepresentation by ECMC. However, not only does the Complaint not state such a theory, it does not allege any facts at all regarding ECMC's conduct that would support finding the debt assigned to ECMC is dischargeable. Even under the more relaxed pleading standard of Federal Rule of Civil Procedure 8, the Complaint does not meet the standard of setting forth allegations that make the misconduct that Plaintiff asserts at least "plausible" under *Iqbal* and *Twombly*, *supra*. If Plaintiffs' legal theory is some form of strict liability, negligence, or active participation in a scheme with Le Cordon Bleu - there are simply no facts pleaded regarding ECMC's actions (or the actions of the initial lender(s)) that would support a "plausible" cause of action that could lead to a finding that the educational loans in issue are dischargeable.

Thus, Plaintiffs have not pled with the specificity required to establish a claim against Le Cordon Bleu under Civil Rule 9(b), nor have Plaintffs alleged any facs that would allow this court to make a reasonable inference that the Defendant is in any way liable for the alleged misconduct of the culinary school, nor have Plaintiffs stated any facts that would allow this court to "infer more than the mere possibility of misconduct" on the behalf of ECMC. Therefore, Plaintiffs have failed to meet the minimal pleading standards set forth by the *Twombly* and *Iqbal* decisions.

In construing the Complaint in the light most favorable fo Plaintiffs, and accepting all factual allegations as true, the court finds that there are not sufficient facts to state a claim under Section 523(a)(2)(A) and/or (C), upon which relief can be granted.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendant ECMC's Motion to Dismiss [Doc. # 39] be, and hereby is, **GRANTED.** The court will enter a separate order of dismissal in accordance with this Memorandum of Decision and Order.

###